UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RADIO MUSIC LICENSE COMMITTEE, INC.,<br><br>         Plaintiff,<br><br>  v.<br><br>GLOBAL MUSIC RIGHTS, LLC,<br><br>         Defendant. | Civil Action<br><br>No. 2:16-cv-06076-CDJ<br><br>Judge C. Darnell Jones, II<br><br>Magistrate Judge Lynne A. Sitarski |

**MEMORANDUM IN SUPPORT OF PLAINTIFF RADIO MUSIC LICENSE COMMITTEE, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT GLOBAL MUSIC RIGHTS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR TO TRANSFER VENUE**

Radio Music License Committee, Inc. ("RMLC") respectfully requests that this Court grant it leave to file the attached Supplemental Memorandum in Opposition to Global Music Rights, LLC's ("GMR") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue and supporting evidence, so that the Court may consider new facts that occurred after RMLC filed its original opposition brief that should establish, beyond any reasonable dispute, that personal jurisdiction and venue are proper in this Court.[1]

In this Circuit, it is well-settled that courts can rely on the defendant's conduct after the complaint was filed to find jurisdiction. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960

---

[1] The Court has discretion to permit supplemental briefing describing newly available facts and their impact on the issue under consideration. *See Marchbanks Truck Serv., Inc. v. Comdata Network, Inc.*, No. 07-CV-01078, 2011 WL 11559549, at *18 (E.D. Pa. Mar. 24, 2011) (exercising court's discretion to consider supplemental briefs "to the extent they are helpful in disposition of the issues at hand"); *Fenza's Auto, Inc. v. Montagnaro's, Inc.*, No. 10-3336, 2011 WL 1098993, at *4-5 (D.N.J. Mar. 21, 2011) (exercising court's "broad discretion to consider supplemental briefing as appropriate and fair" to permit plaintiff to file supplemental brief to address new issues not addressed in primary remand briefing); *see also* E.D. Pa. Local Rule 7.1(c) ("The Court may require or permit briefs or submissions if the Court deems them necessary.").

F.2d 1217, 1224 (3d Cir. 1992); *Endless Pools, Inc. v. Wave Tec Pools, Inc.*, 362 F. Supp. 2d 578, 583 (E.D. Pa. 2005) (explaining that "[t]he Third Circuit has not announced a bright-line rule establishing a temporal framework for the minimum contacts analysis" and relying on post-complaint contacts to find personal jurisdiction); *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 703 (D. Del. 2001) (finding personal jurisdiction based on post-complaint contacts in suit involving the "continuous infliction of injury upon the victim").  The Court should do so here because GMR's recent conduct is designed to further the unlawful monopolistic scheme that caused RMLC to file this lawsuit back in November 2016.

Since May 29, 2017, GMR has been purposefully and directly attacking businesses in Pennsylvania (including in this District) to punish some of them for, and intimidate others from, participating in this litigation—all with the goal of protecting and furthering GMR's unlawful monopoly.  On May 29, GMR publicly announced on its website (and has since repeatedly confirmed) its refusal, after its litigation-related interim licenses expire, to do business with radio "stations owned by companies headquartered or based in Pennsylvania" because of this lawsuit.

GMR's refusal-to-deal is not merely a procedural step to avoid subjecting itself to jurisdiction in this Court.  To the contrary, RMLC told GMR repeatedly that it would not use any new or extended interim licenses with Pennsylvania-based businesses as further evidence that jurisdiction and venue are proper in this Court.  But that was not sufficient for GMR.  It insisted that RMLC and stations agree to additional demands *that have nothing to do with jurisdiction or venue*.  The purpose of GMR's boycott scheme is to punish and retaliate against those Pennsylvania-based entities that have already stepped forward as third party witnesses to assist RMLC in this litigation, and to intimidate other witnesses from doing the same in the future.

GMR's ongoing anticompetitive boycott directed specifically at Pennsylvania-based entities is a separate and independent basis for personal jurisdiction under the "effects test" because it constitutes (1) an intentional tort; (2) aimed at this forum; and (3) the brunt of the harm was felt here. *See* Dkt. No. 62, at 20-22; *In re Bulk (Extruded) Graphite Prods. Antitrust Litig.*, No. 02-6030, 2007 WL 2212713, at *5 (D.N.J. July 30, 2007) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)). Anticompetitive conduct and witness intimidation both independently qualify as "tortious conduct" under *Calder*. *See, e.g.*, *In re Fasteners Antitrust Litig.*, No. 08-md-1912, 2011 WL 3563989, at *13 (E.D. Pa. Aug. 12, 2011); *NR Media, Inc. v. Too Much Media*, No. 06-3988, 2008 WL 544670, at *5 (D.N.J. Feb. 26, 2008) ("witness intimidation" is an intentional tort for purposes of "effects" test). By singling out Pennsylvania businesses in an effort to punish and intimidate them, GMR has aimed its boycott directly at this forum and subjected those victims to the brunt of the harm here. That makes both jurisdiction and venue proper in this Court. *See Tamburo v. Dworkin*, 601 F.3d 693, 706 (7th Cir. 2010); *Acad. of Allergy & Asthma in Primary Care v. Am. Acad. of Allergy*, *Asthma & Immunology*, No. SA-14-CV-35-OLG, 2014 WL 12497080, at *16-18 (W.D. Tex. Sept. 8, 2014); *NR Media*, 2008 WL 544670, at *4-6.

Moreover, GMR's most recent conduct further demonstrates that it fails to meet its burden of proving that the 28 U.S.C. § 1404(a) private and public interest factors "strongly" weigh in favor of transfer. *Bennett v. Itochu Int'l, Inc.*, No. 09-cv-1819, 2009 WL 2569259, at *3 (E.D. Pa. Aug. 17, 2009). Not only does judicial efficiency outweigh the convenience to GMR in litigating in California, but GMR's targeted refusal to deal also constitutes a new anticompetitive act in furtherance of its unlawful monopoly. As a result, important evidence supporting the merits of RMLC's claims, including third party witness testimony, resides in this

3

forum. *Penn Mut. Life Ins. Co. v. BNC Nat'l Bank*, No. 10-00625, 2010 WL 3489386, at *9 (E.D. Pa. Sept. 2, 2010); *Pioneer Commercial Funding Corp. v. Norick*, No. 06-3905, 2006 WL 3354141, at *6 (E.D. Pa. Nov. 17, 2006).

The Court should accordingly grant RMLC leave to file the attached Supplemental Memorandum in Opposition to GMR's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue and supporting evidence.

Dated:  August 14, 2017

Respectfully submitted,

s/ Margaret M. Zwisler
Margaret M. Zwisler (*pro hac vice*)
Jennifer L. Giordano (*pro hac vice*)
William J. Rinner (*pro hac vice)*
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: Margaret.Zwisler@lw.com
Email: Jennifer.Giordano@lw.com
Email: William.Rinner@lw.com

Alfred C. Pfeiffer, Jr. (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Al.Pfeiffer@lw.com

Peter J. Mooney
WHITE & WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Telephone: (215) 864-7164
Facsimile: (215) 789-7664
Email: mooneyp@whiteandwilliams.com

Attorneys for Plaintiff
Radio Music License Committee

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on August 14, 2017, a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF RADIO MUSIC LICENSE COMMITTEE, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT GLOBAL MUSIC RIGHTS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR TO TRANSFER VENUE was served on all counsel of record by the Court's electronic filing system (CM/ECF).

s/ Margaret M. Zwisler
Margaret M. Zwisler (*pro hac vice*)